IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 20-256-2 |
| | : | |
| XAVIER NOLLEY-HALL | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                                      **November 19, 2020**

With the United States' consent, Judge Wells set conditions of pretrial release for a nineteen-year-old man arrested by the Federal Bureau of Investigation after he brazenly burglarized a Philadelphia bank on May 31, 2020 as part of a group of men protesting Minneapolis police conduct towards George Floyd in the national headlines.  Granted release, the first-time offender then turned around and violated several agreed release conditions including traveling to Chester County to burglarize a large commercial hotel.  Upon his second arrest, the United States persuaded Judge Heffley to revoke his pretrial release in mid-August 2020.  The Bureau of Prisons now holds him in the Federal Detention Center Philadelphia since mid-August. He pled guilty to his federal crimes almost three weeks ago.  He now seeks release to his mother's home pending our mid-March 2021 sentencing after he told officers he did not live with his mother.  He agrees to the same conditions set by Judge Wells along with home confinement and psychological evaluation. We deny his request for release.  We have no basis to find conditions ensuring the safety of the community and his appearance at sentencing.  We have no basis to find COVID-19 mitigation will affect his health or impact preparing for his sentencing hearing almost four months away.

I.     **Background**

Alongside a variety of peaceful protests and marches addressing concerns with police conduct towards George Floyd in Minneapolis in May 2020, nineteen-year-old Xavier Nolley-Hall and a group of men forcibly looted and burglarized a Wells Fargo Bank branch in Philadelphia on May 31, 2020.[1] These men stole a forklift from a nearby Lowes store to remove a Bank vault containing $104,000.[2]

We have no evidence Mr. Nolley-Hall had a longstanding plan for this criminal conduct; he appears to have joined a group upset with the death of George Floyd in Minneapolis who decided to distort protest into criminal conduct.  Mr. Nolley-Hall is a young man. Medical professionals diagnosed Mr. Nolley-Hall years earlier with attention deficit hyperactivity disorder and bipolar disorder.[3]  He received counseling and medication to manage these conditions.  This treatment ended when Mr. Nolley-Hall became a teenager.[4]

Although Mr. Nolley-Hall has never before been convicted of a crime, Philadelphia officers recognized him from their encounters with Mr. Nolley-Hall while on duty.[5] The Federal Bureau of Investigation executed a search warrant on Mr. Nolley-Hall's home and interviewed him.[6]  The search uncovered the clothes he wore on May 31, 2020 shown in the surveillance photos and his cell phone.[7]  Mr. Nolley-Hall admitted he entered the Bank intending to steal money, but he did not succeed.  He denied knowing Raphael Shaw, Mr. Nolley-Hall's co-defendant, but a later search of his phone revealed the two knew each other well.[8]

The Special Agent filed a criminal complaint detailing probable cause.  The Federal Bureau of Investigation arrested Mr. Nolley-Hall.  With the United States' consent, Judge Wells released him on bond on July 10, 2020, on the agreed conditions he report to Pretrial Services as

2

directed, attend mental health services, and refrain from using narcotics or committing crimes while on release.[9]

Two weeks later, the Special Agent learned Mr. Nolley-Hall attempted to burglarize the Desmond Hotel in Chester County.[10] Hotel employees confronted him, and he returned the money and left the hotel.[11] The police arrested Mr. Nolley-Hall.[12] Mr. Nolley-Hall gave the local police several fake names, resisted arrest, tried to break the window of the police vehicle, and banged his head against the plastic divider in the vehicle as they transported him to the police station.[13] He also told the local arresting officers he did not have a home because he decided he did not want to live with his mother anymore.[14]

Upon learning of this Chester County arrest, the United States petitioned to revoke his release for violating the agreed conditions of release.[15] The United States argued, in addition to committing another burglary while on release, Mr. Nolley-Hall failed to obtain mental health treatment, smoked marijuana on a daily basis, refused to report to pretrial services, and refused to provide pretrial services with his contact information.[16] Judge Heffley granted the United States' motion to revoke Mr. Nolley-Hall's release.[17] Mr. Nolley-Hall has remained incarcerated since August 14, 2020 in the Federal Detention Center Philadelphia.

On November 2, 2020, Mr. Nolley-Hall pled guilty to entering a bank with intent to commit a felony and making a false statement to a federal agency.[18] We scheduled the sentencing hearing for March 16, 2021.[19]

**II.   Analysis**

Mr. Nolley-Hall moves for presentence release without citing the specific Congressional authority but explaining his three months in the Federal Detention Center taught him "difficult lessons about the need to follow conditions established by the Court" and "he is eager to prove

that he can do it this time, if given the chance."[20] Mr. Nolley-Hall says he will live with his mother upon release and will cooperate with mental health treatment take prescribed medication. He also argues the COVID-19 outbreak in the last several days at the Federal Detention Center Philadelphia presents a risk to his health further warranting presentence release. [21] Mr. Nolley-Hall offers a series of conditions he claims will ensure the safety of the community. He agrees to location monitoring at his mother's home, no use of alcohol or drugs, and treatment with a mental health professional. He agrees to participate in a psychological evaluation as we discussed during his plea.

    **A. We deny Mr. Nolley-Hall's motion for presentence release.**

  We deny Mr. Nolley-Hall's motion for presentence release as he has not shown by clear and convincing evidence he is unlikely to flee and does not pose a danger to the community. Congress, under 18 U.S.C. § 3143(a), mandates we must detain a person "found guilty of an offense and who is awaiting imposition or execution of a sentence" unless we find by "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." Given Mr. Nolley-Hall's conduct while on pretrial release when he agreed to the conditions, we cannot find by "clear and convincing evidence" Mr. Nolley-Hall is unlikely to flee or pose a danger to the community if released.

  Several facts lead us to find Mr. Nolley-Hall poses both a risk of flight and a danger to the community. While released on bond for the same charges for which Mr. Nolley-Hall now awaits sentencing, he committed another rather brazen burglary and failed to cooperate with the conditions of release set by Judge Wells with the United States' consent to allow him to avoid pretrial detention. He refused to seek mental health treatment and continued using marijuana daily. He failed to provide updated contact information to Pretrial Services and report to them as

ordered. When arrested, Mr. Nolley-Hall gave fake names to police officers, resisted arrest, and attempted to break the window of a police patrol car.

We appreciate Mr. Nolley-Hall's repeated willingness to now honor conditions of release. Judge Wells afforded him this same opportunity. He instead smoked marijuana every day, burglarized a hotel in our District, and did not visit the mental health professional. While he argues he will return to his mother's house and would "cooperate with a home confinement condition," he told officers he did not want to live with his mother and preferred homelessness. He offers no reason for us to now believe him other than the three months of detention since Judge Heffley's August 14, 2020 Order changed him. We would expect incarceration would affect a first-time offender. But we have no ability to set conditions he could not violate given his recent rejection of similar conditions. While a psychological evaluation is not available this week under COVID-19 mitigation, we have no basis to find an evaluation will not be available in sufficient time to allow us time to prepare for his sentencing hearing almost four months from today.

He plead guilty after admitted his crimes. Even if, as both he and the United States presently assert, the Sentencing Commission recommends a sentence of ten to sixteen months in custody, we are not presently near this range. While we may find grounds for a variance given this first offense and based on findings from a psychological evaluation, we have no basis today to release because he already served almost three months of the possible sentence in custody.

**B.     COVID-19 does not warrant pre-sentence release.**

Mr. Nolley-Hall argues we should consider the COVID-19 mitigation in the Federal Detention Center. The COVID-19 pandemic does not impact our analysis as to Mr. Nolley-Hall. We are not persuaded he is at risk from COVID-19 as an otherwise healthy young man.

Judges have considered the COVID-19 pandemic when deciding whether to grant an "appeal from a release or detention order" under 18 U.S.C. §3145(c).[22] Congress in section 3145 provides, "A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." We consider whether the petitioner has presented an "exceptional reason" why detention would be inappropriate in light of the COVID-19 pandemic.[23] Judges consider factors including: " (1) whether the petitioner has been diagnosed with COVID-19 or is experiencing symptoms consistent with the disease; (2) whether the petitioner is among the group of individuals that is at higher risk of contracting COVID-19 based on age, preexisting medical condition, or some other specific reason; (3) whether the petitioner has been directly exposed to COVID-19; (4) the physical space in which the petitioner is detained, and how that physical space affects his risk of contracting COVID-19; (5) the efforts that the prison has made to prevent or mitigate the harm caused by COVID-19; and (6) any other relevant factors."[24]

Section 3145 does not apply to Mr. Nolley-Hall. Mr. Nolley-Hall is detained under section 3143(a)(1), not subsections (a)(2) or (b)(3). He does not meet the criteria for release under  section 3143(a)(1) because he recently demonstrated being a danger to the community while on pretrial release with many of these same conditions. Even if he did present an "exceptional reason," he would not be eligible for release under Section 3145. And even if Mr. Nolley-Hall met the criteria under section 3143(a)(1), he would not present an exceptional reason for release. He is 19-years old. He does not present evidence of COVID-19 symptoms, and he does not present evidence he is at heightened risk of infection due to an underlying condition.

6

While we do not intend to minimize the situation at the Federal Detention Center, the recent mitigation steps do not constitute an exceptional reason to release a healthy 19-year-old who has proven incapable of complying with our release orders.

### III. Conclusion

We applaud Mr. Nolley-Hall's understanding of the severity of his criminal conduct and wish to leave prison claiming he learned his lesson. We trust he is receiving appropriate medical treatment while incarcerated. But Mr. Nolley-Hall's criminal conduct while given the benefit of pretrial release in July and early August combined with no present risk to his health or other extraordinary reason for release mandates Mr. Nolley-Hall remain in custody. His conduct while on earlier release a few months ago cannot be dismissed as minimal. He ignored several release conditions and burglarized a commercial hotel many miles from his home. We deny Mr. Nolley-Hall's motion for presentence release without prejudice.

---

[1] ECF Doc. No. 24 at 3-4.

[2] *Id.*

[3] ECF Doc. No. 27 at 2.

[4] *Id.*

[5] ECF Doc. No. 24 at 4.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] ECF Doc. No. 9 at 4.

[10] *Id.*

[11] *Id.*

[12] *Id.*

8

---

[13] *Id.* at 4-5.

[14] *Id.* at 4-5.

[15] *Id.* at 3.

[16] *Id.* at 5.

[17] ECF Doc. No. 10.

[18] ECF Doc. No. 25.

[19] ECF Doc. No. 26.

[20] ECF Doc. No. 27 at 3. Although Mr. Nolley-Hall does not specify the statute under which he moves for release, we understand he seeks presentence release under 18 U.S.C. §3143(a). The United States also references section 3143(a).

[21] ECF Doc. Nos. 26-27.

[22] *See, e.g.*, *United States v.* Ortiz, No.18-134, 2020 WL 1904478, at *3 (M.D. Pa. Apr. 17, 2020).

[23] *Ortiz*, 2020 WL 1904478, at *3.

[24] *Id.*